```
              UNITED STATES DISTRICT COURT
             CENTRAL DISTRICT OF CALIFORNIA
                  CIVIL MINUTES--GENERAL
```

Case No.    CV 13-1964-DDP(AJW)                      Date: March 28, 2013

**TITLE: <u>Kenneth W. Hughes v. People of the State of California, et al.,</u>**
=======================================================
**PRESENT:  HON.  ANDREW J. WISTRICH, U.S. MAGISTRATE JUDGE**

|  Ysela Benavides   |                    |
|--------------------|--------------------|
|  Deputy Clerk      |  Court Reporter    |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**     **ATTORNEYS PRESENT FOR DEFENDANTS:**
           None                                       None

**ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS UNTIMELY**

Petitioner filed this petition for writ of habeas corpus on March 8, 2013.[1]

From the face of the petition, it appears that it is barred by the one-year period of limitation set forth in the AEDPA.  28 U.S.C. § 2244(d)(1).  According to the petition, petitioner was convicted in 1998, and the California Supreme Court denied his petition for review on September 29, 1999. [Petition at 2-3]. Thus, it appears that petitioner's conviction became final on December 28, 1999.  Consequently, petitioner had one year – or until December 28, 2000 – to file a federal petition. <u>See</u> <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1245-1246 (9th Cir.), <u>cert. denied</u>, 534 U.S. 978 (2001).

This petition was not filed until April 9, 2012, more than twelve years after the limitation period expired. Thus, absent grounds for statutory, <u>see</u> 28 U.S.C. § 2244(d)(1) and (2), or equitable tolling, of the limitation period, the  petition is time-barred.

---

[1] Although the petition was filed by the Clerk's Office on March 19, 2012, petitioner is entitled to the benefit of the "mailbox rule," pursuant to which a state or federal habeas petitions is deemed filed on the date on which petitioner handed it to the proper prison official for mailing. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988) (holding that a pro se prisoner's pleading is deemed filed at the moment it is delivered to prison authorities for forwarding to the district court).  The Court assumes that petitioner handed his petition to the proper prison officials on the date he signed the proof of service.

1

Petitioner had state habeas petitions pending from November 6, 2000 until March 28, 2001. [Petition at 3-4].[2] At the time he filed his first state petition, fifty-two days of the limitation period remained. Thus, tolling the period until March 28, 2001,[3] petitioner had fifty-two days – or until May 20, 2001 – to file his federal petition.[4]

This petition, however, was not filed until more than a decade after the limitation period expired. Furthermore, petitioner has not provided an adequate explanation for the lengthy delay in filing his federal habeas petition which might entitle him to equitable tolling of the one year statute of limitation. The Supreme Court has explained that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 & n.8 (2005). "In this circuit, equitable tolling of the filing deadline for a habeas petition is available 'only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" Lott v. Mueller, 304 F.3d 918, 924 (9th Cir. 2002) (citation and quotation omitted). Equitable tolling may be appropriate when "external forces, rather than a petitioner's lack of diligence,

---

[2]  Although petitioner indicates that one of the state petitions was filed on November 27, 2000 and denied on March 28, 2000 (a date prior to the date of filing) [see Petition at 3-4], the California Supreme Court's docket sheet reveals the correct date on which the petition was denied was March 28, 2001. See www.appellatecases.courtinfo.ca.gov.  In addition, petitioner indicates that he filed another petition on December 2, 2000 that was denied on December 13, 2000 [see Petition at 4], but the California Supreme Court's docket reveals that the petition actually was filed on November 6, 2000.

[3]  Although unclear, petitioner may have filed an additional state petition or petitions [see Petition at 5 (indicating a state petition was denied in June, 2012)], but such petitions would not toll the already-expired limitation period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"), cert. denied, 540 U.S. 924 (2003).

[4]  Petitioner filed two previous federal petitions. The petition filed in Case No. CV 00-7872-DDP(AJW) was dismissed without prejudice on April 25, 2001 based upon petitioner's motion for voluntary dismissal after he recognized that he had not exhausted his state remedies. The petition filed in Case No. CV 01-4455-DDP(AJW) was dismissed without prejudice on February 6, 2002, also based upon a failure to exhaust state remedies. Neither petition statutorily tolls the limitation period. See Duncan v. Walker, 533 U.S. 167, 181-182 (2001) (holding that federal petitions do not toll the limitation period).

account for the failure to file a timely claim." Lott, 304 F.3d at 925(citation omitted).

Petitioner may be entitled to a later starting date based upon his allegation of new evidence. [Petition at 5]. Under section 2244(d)(1)(D), a petition is timely if it is filed no later than a year from the date on which the factual predicate of the claims "could have been discovered through the exercise of due diligence." As the Ninth Circuit has explained, under section 2244(d)(1)(D), the limitation period does not begin until the petitioner knows, or through diligence could discover, the important facts underlying his claim, not when petitioner recognizes the facts' legal significance. Hasan v. Galaza, 254 F.3d 1150, 1154 & n. 3 (9th Cir. 2001) (citing Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000) ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.")). Petitioner, however, has not explained when he discovered the factual predicate for his claims, nor has he provided the Court with any explanation of what action he took in an effort to discover and present his claims and why he could not have discovered the factual predicate for his claims earlier.

Petitioner must show cause why the petition should not be dismissed as untimely by filing a response to this order within twenty-eight (28) days of the date of this order. In the response to this order, petitioner must describe in detail the steps he took in an effort to uncover the factual basis for his claims. He also must, if possible, attach copies of any state petition and the state court's decision addressing each petition. Further, petitioner must describe specifically the nature and duration of any extraordinary circumstances which petitioner believes impeded his ability to timely file his petition. **All** facts relied upon by petitioner must be proved by testimony contained in a declaration signed under penalty of perjury, see 28 U.S.C. §1746, or in properly authenticated documents.

Petitioner's failure to timely file a response to this order may result in the dismissal of his petition.

**IT IS SO ORDERED.**

MINUTES FORM 11                                    Initials of Deputy Clerk_____
CIVIL-GEN